Vose *v.* Morton.

## Samuel D. Vose *vs.* Jeremy Morton.

The tenant in a real action, brought to recover land levied on in execution of a judgment of the circuit court of the United States, in favor of the demandant against a third person, to which judgment such tenant is not a party or privy, is not concluded thereby from showing by proof that the judgment is erroneous and void for want of jurisdiction of the parties.

If a suit is commenced in the circuit court of the United States, in the name of a citizen of another state, under a general authority or permission or otherwise, upon a cause of action in which the nominal plaintiff has no interest legal or equitable, the court has no jurisdiction of the parties; and if such suit be brought without the nominal plaintiff's authority or direction, but is afterwards ratified or sanctioned by him; or if after the bringing of the suit, a more formal transfer of the cause of action be made to the plaintiff, and accepted by him; such ratification or transfer will not give the court jurisdiction.

Where an action is brought in the circuit court of the United States, in the name of the indorsee or holder of a promissory note payable to order, or of the bearer of a note transferable by delivery, and judgment is rendered therein by default; it is competent for one, not a party or privy to such judgment, against whom it is sought to be enforced, to impeach the same by showing that the note was not actually negotiated to the nominal plaintiff, before the commencement of the action.

THIS was a real action for the recovery of an undivided half of certain land in Hatfield, and was tried before *Metcalf*, J., in this court. The demandant, in support of his title, and as *prima facie* evidence of his case, relied on a copy of the record of a judgment in the circuit court of the United States, for the district of Massachusetts.

From this record, it appeared, that, on the 7th of December, 1846, a writ was sued out in the name of the demandant against one Moses Morton, 2d, returnable at the next term of said court, wherein the plaintiff was alleged to be a citizen of Albany, in the state of New York, and the defendant a citizen of Hatfield, in this state. The cause of action set forth in the declaration was a promissory note, dated at Hatfield, November 16th, 1846, by which the defendant therein, Moses Morton, 2d, promised to pay Whitney and Fenno, or bearer, one thousand and fifty-seven dollars and sixteen cents, on demand, with interest. Judgment was recovered in this action on the said note, on the 30th of June, 1847, on the default of the defendant. Execution was issued on the judgment, on the 26th of July, and on the 28th was levied on the interest of the judgment debtor in the premises demanded in this action. The demandant contended, that by the return, the real estate levied upon was attached on the 7th of December, 1846.

The tenant claimed the premises under a deed of quit-claim and partition from Moses Morton, 2d, and other heirs, executed prior to the alleged attachment, namely, on the 21st of October, 1839, and recorded on the 9th of December, 1846, two years after the attachment; and contended that as he was a stranger to the judgment and record, the production of a copy thereof was not sufficient proof of the facts relied on to establish a *prima facie* case against him ; but the court overruled the objection.

The tenant contended, further, that the demandant was not a *bona fide* creditor of Moses Morton, 2d, and, therefore, was not entitled to maintain this action ; that Whitney and Fenno were the real plaintiffs in interest in the suit in the

circuit court; and that in defence he could impeach the judgment, by proving a want of jurisdiction in that court.

To establish this defence, the tenant called Moses Morton, 2d, as a witness, who testified, that he was formerly a trader in Hatfield; that Whitney and Fenno, the payees of the note on which the judgment of the circuit court was rendered, were merchants in Boston; that having become embarrassed in his affairs, he wrote to Whitney and Fenno, in consequence of which Fenno came to his house on the evening of Friday, the 4th of December, 1846, and remained there during the night; that the witness then made a statement of his circumstances to Fenno, and told him that it was his design to go into insolvency for the benefit of his creditors; that he exhibited to Fenno an inventory of his assets embracing the homestead then occupied by him (not being the demanded premises), which he told Fenno was all the real estate he owned; that there was a mortgage thereon of $2000, and he called it worth in all $3500; that the witness told Fenno that if there could be an arrangement made for the benefit of his creditors, he was willing to make it and save the expense of an assignment, that Whitney and Fenno were his principal creditors, but he had three others in Boston, one in Hartford, and two in Hatfield (the witness did not state the amount); that, in reply to this proposition, Fenno seemed to think there was no necessity for the witness's making an assignment, but told him to hold on, and he (Fenno) would see the other creditors, and ascertain whether they would come into an arrangement, and if they could thus save expense, it would be best; that the note above mentioned was given at the suggestion of Fenno, who wrote it accordingly, for the amount due from the witness to Whitney and Fenno, while he was at the witness's house, and, as the witness thought, on the morning of the 5th of December, 1846; that the note was dated on the 16th of November preceding, for what reason the witness did not know; that some part of the account of Whitney and Fenno against him, the witness thought, was not due when he gave the note; that on the morning when the note was given,

3*

Fenno left the witness's house for Springfield, and the witness heard no more of the matter, until the attachment was made, two days afterwards, on the 7th of December, in the afternoon.

The tenant rested his case upon this evidence and contended, that it was sufficient to put the demandant upon the proof of something more than he had as yet offered, and would otherwise authorize a finding by the jury in his favor.

The demandant contended that the evidence was inadmissible ; but that if admissible, it would not justify a verdict for the tenant.

The judge ruled, that the evidence was admissible and proper for the consideration of the jury, and that if they believed there was not a *bona fide* sale and transfer of the note to the demandant, but that he was merely a nominal party to the suit in the circuit court, and that the same was brought wholly for the benefit of Whitney and Fenno, the jury would be authorized in finding a verdict for the tenant.

The jury thereupon returned a verdict for the tenant. If the rulings of the judge were wrong, a new trial is to be granted ; otherwise, judgment is to be rendered on the verdict.

*R. A. Chapman*, for the demandant.

*C. P. Huntington*, for the tenant.

SHAW, C. J.  This is a real action to recover an undivided moiety of an estate in Hatfield.  The tenant claims title to the premises under a deed of quitclaim and partition executed by Moses Morton, 2d, several years prior to the attachment hereafter mentioned, to wit, in October, 1839, but not recorded until two days after the attachment made, namely, on the 9th of December, 1846.

The demandant claims title under an attachment followed by a valid judgment in the circuit court of the United States, an execution on that judgment, and a levy of the execution on the premises, as the property of Moses Morton, 2d, the judgment debtor.  If this title is well established, it must prevail, although the tenant had a valid deed of prior date which was good against every body but creditors, and pur-

chasers without notice. But the demandant must make out his case strictly; he must prove that he was a creditor of Moses Morton, 2d; that he attached the premises prior to the registration of the tenant's deed; and that such attachment was followed by a good judgment, execution and levy.

The first point relied upon by the demandant is, that the judgment of the circuit court is conclusive, and that the tenant cannot aver against it. But we are of opinion, that this position cannot be maintained. A judgment is conclusive only against parties and privies. The tenant is in no sense a party or privy to that judgment. He is, indeed, privy in estate with Moses Morton, 2d, under whom he claims the demanded premises; but no question respecting the title to such estate was embraced or determined in that suit. It was only after that judgment was rendered, that by a distinct and collateral act, the judgment creditor attempted to satisfy his execution upon it, by a levy on the premises claimed by the tenant. At the time the judgment was rendered, the tenant had no reason, no occasion and no right, to question its validity. Being neither a party nor privy to the judgment, he cannot have a writ of error to reverse it, although it may be erroneous and void; but, when such judgment is set up collaterally to defeat the tenant's title, which is otherwise good, and the tenant can show that the judgment is erroneous, either in matter of law or fact, he may do so by proof. It is a general and established rule of law, that when a party's right may be collaterally affected by a judgment, which for any cause is erroneous and void, but which he cannot bring a writ of error to reverse, he may, without reversing, prove it so erroneous and void, in any suit, in which its validity is drawn in question. The cases are numerous; and a few only will be cited, including the first and the last, which have been decided in Massachusetts. *Alexander* v. *Gould*, 1 Mass. 165; *Smith* v. *Saxton*, 6 Pick. 483; *Pond* v *Makepeace*, 2 Met. 114; *Leonard* v. *Bryant*, 11 Met. 370.

The tenant then contends, that this judgment cannot be set up to defeat his title, because the circuit court of the United States had no jurisdiction. Admitting that the

judgment, in the absence of all proof, might be taken to be *prima facie* evidence of the jurisdiction of the court, the tenant undertakes to prove, that the circuit court had no jurisdiction of the parties or of the subject matter. When a court has general jurisdiction of all matters of contract and debt between any and all parties, without regard to thei domicil, it may be well held, that the production of a note payable to order, and indorsed by the payee, in blank, or the production of a note payable to bearer, and transferable by delivery only, is sufficient to show that the court *prima facie* has jurisdiction of the parties and of the subject matter; and then if the defendant has any special exception to the jurisdiction, as the pendency of another action or the like, he must plead it in abatement. But the circuit court of the United States is a court of limited jurisdiction; and, by the constitution and laws of the United States, has no jurisdiction of the parties, unless one of them is the subject of some foreign state or country, or of some one of the other states of this union. If, therefore, a suit is commenced in that court, in the name of a citizen of another state, under a general or assumed authority and permission, or otherwise, upon a cause of action in which such party has no interest, legal or equitable, the court has no jurisdiction of the parties; and if brought without the plaintiff's authority or direction, but ratified or sanctioned afterwards, it would not aid it; and so if after suit brought, a more formal transfer of the negotiable note and cause of action were made to him and accepted by him, it would not show that he had any such cause of action when the suit was commenced, and so it would not show that the court had jurisdiction.

If, therefore, the alleged cause of action be, that the plaintiff is the indorsee or holder of a promissory note payable to order, or the bearer of a note transferable by delivery, if it appear, that such note was not actually negotiated to him, before the commencement of the action, the circuit court of the United States has no jurisdiction.

In the present case, we are of opinion, that the evidence was rightly admitted, and had a strong tendency to prove,

especially in the absence of all proof to the contrary, that the nominal plaintiff had no interest in the note, even if the suit was brought with his knowledge and assent; but, on the contrary, that the entire interest was in the payees named in the note; that the suit was commenced at their instance and expense, and for their benefit; and they being citizens of this commonwealth, that the circuit court of the United States had no jurisdiction. We think, therefore, that the court were right in directing the jury, that the evidence was admissible and proper for their consideration, and that if they believed there was not a *bona fide* sale and transfer of the note to the demandant, but that he was merely a nominal party to the suit in the circuit court, and that the same was brought wholly for the benefit of Whitney and Fenno, the jury would be warranted in finding a verdict for the tenant.

*Motion for a new trial overruled, and judgment on the verdict for the tenant.*